IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEONARD EKBERG, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-284-DII |
| POLYTEC INC., | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Leonard Ekberg's ("Ekberg") Motion For Leave To Amend His Complaint. (Dkt. 6). Defendant Polytec, Inc. ("Polytec") filed a response in opposition, (Dkt. 7); Ekberg filed a reply, (Dkt. 10); and Polytec filed a sur-reply, (Dkt. 11).[1] Also before the Court is Ekberg's Motion To Remand To Travis County District Court. (Dkt. 8). Polytec filed a response in opposition, (Dkt. 9); and Ekberg filed a reply, (Dkt. 12). Having considered the parties' arguments, the record, and the applicable law, the Court will deny both motions.

**I. BACKGROUND**

Ekberg filed this action in the 459th Judicial District Court of Travis County, Texas on February 24, 2024. (Orig. Pet., Dkt. 1, at 9–12). Ekberg alleges that he was injured by one of Polytec's employees on June 3, 2022, when the Polytec employee's company vehicle "collided into the left rear of Mr. Ekberg's truck and caused him significant injury." (*Id.* at 10).[2] Ekberg brought a single claim for negligence against Polytec under the theory of *respondeat superior.* (*Id.* at 10–11).

---

[1] While Ekberg indicated opposition to Polytec's sur-reply in his reply to his motion to remand, (*see* Dkt. 12, at 2), Ekberg did not move to strike the sur-reply. Accordingly, the Court will not strike Polytec's sur-reply to the motion to amend.

[2] Polytec has stipulated to the following facts: "At the time of Accident, Plaintiff Leonard Ekberg was driving a white 2013 Chevrolet Silverado 3500 HD LTZ Crew Cab pick-up truck. Vikrant Palan was driving a black 2019 Honda Pilot 8-passenger vehicle leased by Polytec for business purposes (the 'company vehicle'). The two vehicles collided. Polytec stipulates that at the time of the Accident, Mr. Palan was operating the company vehicle in the course and scope of his employment with Polytec." (Resp. Mot. Amend, Dkt. 7, at 2).

1

On March 15, 2024, Polytec removed the case to this Court on the basis of diversity jurisdiction. (Not. Removal, Dkt. 1, at 1–3). Ekberg is a Texas citizen, while Polytec is a California citizen, as it is incorporated and has its principal place of business there. (*Id.* at 1). On April 4, 2024, Ekberg filed his Motion For Leave To Amend His Complaint, (Dkt. 6), and on April 15, 2024, Ekberg filed his Motion To Remand To Travis County District Court, (Dkt. 8). Ekberg seeks leave to amend his complaint to add Polytec's employee, Vikrant Palan ("Palan"), stating that he did not know the identity of the company vehicle's driver until after filing suit. (Mot. Amend, Dkt. 6, at 1–2, 4). Ekberg then moves to remand the case under 28 U.S.C. § 1441 on the basis that complete diversity would be destroyed by the addition of Palan, a Texas citizen. (Mot. Remand, Dkt. 8, at 1, 3). Polytec opposes amendment on the basis that Ekberg seeks to add Palan for the sole purpose of destroying diversity, (Resp. Mot. Amend, Dkt. 7, at 5–6), and opposes remand for the same reason, (Resp. Mot. Remand, Dkt. 9, at 2–4).[3]

## II. LEGAL STANDARD

Generally, under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In exercising its discretion to grant or deny joinder of additional defendants, the court must balance "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" against the diverse defendant's "interest in

---

[3] A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The propriety of removal is determined by reference to the pleadings as they existed at the time of removal. *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). No party disputes that this Court has diversity jurisdiction if Palan's citizenship is not considered.

retaining the federal forum." *Id.* Specifically, the Fifth Circuit has directed district courts to consider four factors when a plaintiff seeks to join a non-diverse defendant after removal:

> 1) the extent to which the purpose of the amendment of the complaint is to defeat federal jurisdiction; (2) the degree of dilatory conduct on the part of the plaintiff; (3) the risk of significant injury to the plaintiff if the amendment is not allowed; and (4) any other equitable considerations. The purpose of weighing these factors, according to *Hensgens,* is to balance the defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation.

*Watson v. Law Enf't All. of Am., Inc.*, 451 F. Supp. 2d 870, 873 (W.D. Tex. 2006) (citing *Hensgens*, 833 F.2d at 1182). The district court should remand the case to state court if it finds the joinder to be proper but maintain jurisdiction and dismiss the new party if it finds the joinder to be improper. *Hensgens*, 833 F.2d at 1181.

### III. DISCUSSION

The Court will consider each *Hensgens* factor in turn in determining whether to use its discretion to grant or deny joinder of Palan, because doing so would destroy the Court's subject matter jurisdiction.

#### A. Purpose of the Amendment

The first *Hensgens* factor is "the extent to which the purpose of that amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. This factor has been described as the most important factor of the four. *Flores v. Arch Ins. Co.*, No. 5:15-CV-299, 2015 WL 4430866, at *2 (W.D. Tex. July 17, 2015); *Wein v. Liberty Lloyds of Texas Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015); *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012). "Bearing on this factor is whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court petition was filed." *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, No. 5:15-CV-325, 2015 WL 3971415, at *7 (W.D. Tex. June 30, 2015); *see also Flores*, 2015 WL 4430866, at *3. When a plaintiff knew or should

3

have known the identity of the nondiverse defendant at the time the lawsuit was originally filed, courts often view the later attempt to join the nondiverse defendant with suspicion that the plaintiff's primary purpose is to defeat jurisdiction. *Wein*, 2015 WL 1275915, at *5; *Flores*, 2015 WL 4430866, at *3; *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010) (collecting cases). The inference is especially strong "when the motion to remand is made within the same pleading as the motion for leave to amend." *Zimmerman*, 2015 WL 3971415, at *7 (citing *Smith v. Robin America Inc.*, NO. H–08–3565, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009)).

Here, Ekberg contends that he did not know of Palan's identity until after he filed suit, arguing that Polytec only identified Palan to Ekberg on March 22, 2024, after which, Ekberg moved to amend within two weeks. (Mot. Amend, Dkt. 6, at 4). In response, Polytec argues that Ekberg only requested this information for the first time on March 20, 2024. (Resp. Mot. Amend, Dkt. 7, at 6). Polytec also argues that Ekberg had the opportunity to request this information when he reached out to counsel approximately two weeks before filing suit, on February 12, 2024. (*Id.*). In reply, Ekberg states that he "had been in contact with Defendant's liability insurance adjuster for over seventeen months before filing suit." (Reply Mot. Amend, Dkt. 10, at 1). Polytec responds by arguing that Ekberg had the opportunity to identify Palan before filing suit through communications with Polytec's insurer, but Ekberg's counsel did not participate in reciprocal pre-suit discovery with the insurer. (Sur-Reply Mot. Amend, Dkt. 11, at 1–4).

The Court agrees with Polytec. Ekberg knew that a Polytec employee was involved in the accident when he filed his original petition in state court.[4] The only mystery to Ekberg was the identity of the employee. Rather than trying to find out this information prior to filing suit—which he did more than 20 months after the vehicle accident—Ekberg waited until after Polytec removed

---

[4] As referenced in the second footnote, *see supra* p. 2 n.2, the parties agree on the factual basis of this case—that is, that one of Polytec's employees was driving a company vehicle in the course and scope of his employment with Polytec at the time of the accident.

this case on the basis of diversity jurisdiction. Like other courts in this circuit, this fact raises an inference that Ekberg's purpose in seeking amendment is to defeat jurisdiction. And, at any rate, even crediting Ekberg's contention that he was unable to identify Palan before filing suit, if Ekberg believed that Polytec's employee was an integral part of the suit, Ekberg could have sued the employee in a placeholder capacity, such as "John Doe." *See* 28 U.S.C. § 1441(b) (defendants may be "sued under fictious names," though their citizenship "shall be disregarded" when analyzing the propriety of removal on diversity grounds). Accordingly, the Court finds that Ekberg's primary purpose for seeking to join Palan as a defendant is to defeat jurisdiction. The first, and most important, *Hensgens* factor weighs against Ekberg.

### B. Whether Plaintiff Has Been Dilatory

The second *Hensgens* factor requires the Court to consider whether Ekberg was dilatory in seeking to join Palan. *Hensgens*, 833 F.2d at 1182. Generally, a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates have been scheduled and "no significant activity beyond the pleading stage has occurred." *Zimmerman*, 2015 WL 3971415, at *8; *Flores*, 2015 WL 4430866, at *5. However, courts have found delays of one month following removal or two months following the filing of the original complaint to be dilatory. *Wein*, 2015 WL 1275915, at *6; *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001); *see also Aaron Irigoyen & Rosie Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) (finding an interval of two-and-a-half months between notice of removal and request for joinder to be dilatory). Here, the Court finds that Ekberg was generally diligent in seeking amendment and remand, having filed his motions within one month of removal. (*See* Not. Removal, Dkt. 1 (filed Mar. 15, 2024); Mot. Amend, Dkt. 6 (filed Apr. 4, 2024); Mot. Remand, Dkt. 8 (filed Apr. 15, 2024)). Accordingly, Ekberg was not dilatory in seeking to join Palan, and this factor weighs in his favor.

**C. Injury to Plaintiff**

The third *Hensgens* factor is whether a plaintiff will be significantly injured if amendment is not allowed. *Hensgens*, 833 F.2d at 1182. When considering this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Zimmerman*, 2015 WL 3971415, at *9 (quoting *Lowe v. Singh*, No. H10–1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010)). Courts also consider "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Zimmerman*, 2015 WL 3971415, at *9 (quoting *Adey/Vandling*, 2012 WL 534838, at *4).

Ekberg argues that he will be significantly injured if amendment is not allowed for two reasons: (1) "as the at-fault driver, Mr. Palan is a critical party and Plaintiff will necessarily require significant discovery from him in this suit;" and (2) it would be inefficient to force him to file two lawsuits on the same facts in two different courts. (Mot. Amend, Dkt. 6, at 5). In response, Polytec argues that because Ekberg "does not allege gross negligence against Polytec, and Polytec admits course and scope," Ekberg is able to obtain damages in full from Polytec under the doctrine of *respondeat superior*, and thus, Ekberg will not be significantly injured if he is not allowed to add Palan to the case. (Resp. Mot. Amend, Dkt. 7, at 5). In reply, Ekberg argues that "if supported by the evidence developed in discovery, the driver would be subject to punitive damages liability based on a gross negligence standard, whereas the evidentiary bar to obtain any punitive damages from Polytec, Inc. is significantly different and generally more difficult for plaintiffs to clear." (Reply, Dkt. 10, at 2).

Ekberg's original petition in state court brings a single claim for negligence against Polytec on the basis of *respondeat superior*. (Orig. Pet., Dkt. 1, at 10–11). Ekberg's proposed first amended complaint brings two claims: a negligence claim against Palan and the *respondeat superior* claim against

6

Polytec. (Dkt. 6-2, at 2–3). As the Court has diversity jurisdiction in this case, the substantive law of Texas applies. *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) ("A federal court sitting in diversity applies the substantive law of the forum state."). In Texas, "[u]nder the theory of respondeat superior, [] an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).

Here, Polytec has "stipulate[d] that at the time of the Accident, Mr. Palan was operating the company vehicle in the course and scope of his employment with Polytec." (Resp. Mot. Amend, Dkt. 7, at 2). That is, Polytec has stipulated to its vicarious liability for any of Palan's negligent acts or omissions in the accident. Accordingly, if Palan is found to be negligent, Ekberg will be able to recover in full from Polytec on the basis of *respondeat superior*.[5] While Ekberg argues that he may be able to demonstrate gross negligence against Palan, Ekberg has not alleged gross negligence in his proposed first amended complaint. (*See* Dkt. 6-2). Ekberg's gross negligence argument is thus inapposite. *See Sanchez v. Transportes Internacionales Tamaulipecos S.A de C.V.*, No. 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017) ("[W]here a plaintiff alleges ordinary (rather than gross) negligence, and the employer stipulates to its vicarious liability for its employee's negligence, a respondeat superior claim and the type of direct negligence claims asserted here are 'mutually exclusive' means of recovering from the employer.") (citations omitted). Accordingly, Palan is not an essential party, and it is unlikely that Ekberg would pursue another lawsuit against him. Because complete relief is available to Ekberg from Polytec, the Court finds that he will not suffer any prejudice from denial of leave to amend to add Palan. This factor weighs against Ekberg.

---

[5] Further, there is no evidence that Polytec will not be able to afford Ekberg complete relief.

**D. Other Factors**

Lastly, the Court turns to the fourth step in the *Hensgens* analysis, the consideration of whether other equities may bear on the matter at hand. *Hensgens*, 833 F.2d at 1182. Ekberg argues that he "had no role in causing the procedural oddity of this motor vehicle crash's presence in federal court despite the at-fault driver's Texas citizenship" and that he should not be forced "to proceed separately against the at-fault driver and his employer." (Mot. Amend, Dkt. 6, at 5). Polytec argues that as the removing party, its choice of forum should be factored into the Court's decision. (Resp. Mot. Amend, Dkt. 7, at 4). It is inherent in the *Hensgens* analysis that "the diverse defendant has an interest in retaining the federal forum" made available by the removal statutes. *Hensgens*, 833 F.2d at 1182. The *Hensgens* analysis is designed to balance that interest against the inconsistency and waste of parallel federal/state proceedings. *Id.* In conducting that analysis, courts in this circuit routinely deny leave to amend upon a finding that the plaintiff's primary purpose is to defeat jurisdiction. *Adey/Vandling*, 2012 WL 534838, at *4; *Wein*, 2015 WL 1275915, at *6. While the Court finds that equitable concerns are not particularly strong here, the Court does find that it should give credence to Polytec's choice of forum. Accordingly, this factor weighs in Polytec's favor.

### III. CONCLUSION

Having found that three of the four *Hensgens* factors weigh against amendment—including the most important factor, the purpose of the amendment—while only one factor weighs in favor of amendment, the Court finds that justice does not require adding Palan, the non-diverse defendant after removal. Accordingly, the Court will deny the motion to amend. As complete diversity exists between Ekberg and Polytec, the Court retains jurisdiction over the action, and the Court will deny the motion to remand.

Accordingly, **IT IS ORDERED** that Ekberg's Motion For Leave To Amend His Complaint, (Dkt. 6), and Motion To Remand To Travis County District Court, (Dkt. 8), are each **DENIED**.

**SIGNED** on June 11, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE